WILLIAM BLUMENTHAL
General Counsel

KAREN JAGIELSKI (KJ2103)
Federal Trade Commission
600 Pennsylvania Avenue
NJ-3122
Washington, DC 20580
202-326-2509 (voice)
202-326-3259 (facsimile)





ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>DIET COFFEE, INC., a corporation;<br>DAVID STOCKNOFF, individually and as President, Chief Financial Officer, and a Director of Diet Coffee, Inc.; and DAVID ATTARIAN, individually and as Secretary and a Director of Diet Coffee, Inc.,<br><br>        Defendants. | JUDGE RAKOFF<br><br>08 CV 0094<br><br>CASE NO. |

### STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT DAVID STOCKNOFF

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed a Complaint for Permanent Injunction and Other Equitable Relief against defendants Diet Coffee, Inc. ("DCI"), a corporation; David Stocknoff ("Stocknoff"), individually and as President, Chief Financial Officer, and a Director of DCI; and David Attarian, individually and as a Secretary and

a Director of DCI ("defendants") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging deceptive acts or practices and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

The Commission and defendant Stocknoff stipulate to the entry of this Order in settlement of the Commission's allegations against defendant Stocknoff. The Court, being advised in the premises, finds:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

2. Venue in the Southern District of New York is proper under 28 U.S.C. §§ 1391(b)-(d) and 15 U.S.C. § 53(b).

3. The Complaint states a claim upon which relief can be granted, and the Commission has the authority to seek the relief it has requested.

4. The activities of defendant Stocknoff are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. Defendant Stocknoff, without admitting the allegations of the Commission's Complaint, stipulates and agrees to entry of this Order under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

6. The Commission and defendant Stocknoff agree that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this matter, up to the date of entry of this Order.

7. Defendant Stocknoff waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant Stocknoff also waives any claim that

he may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

8. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law.

9. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon defendant Stocknoff, and his officers, agents, servants, representatives, employees, and all other persons or entities in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise.

10. This Order reflects the negotiated agreement of the parties.

11. The paragraphs of this Order shall be read as the necessary requirements of compliance and not as alternatives for compliance and no paragraph serves to modify another paragraph unless expressly so stated.

12. Each party shall bear its own costs and attorneys' fees.

13. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

1. Unless otherwise specified, "defendants" shall mean:

    a. Diet Coffee, Inc., a corporation, its divisions and subsidiaries, and its successors and assigns;

    b. David Stocknoff, individually, and in his capacity as President, Chief Financial Officer, and a Director of Diet Coffee, Inc.; and

    c. David Attarian, individually, and in his capacity as Secretary and a Director of Diet Coffee, Inc.

2. "Commerce" shall mean "commerce" as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

3. "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

4. "Covered product or service" shall mean any product, including, but not limited to, any dietary supplement, food, drug, or device; or any health-related service or program.

5. "Endorsement" shall mean as defined in 16 C.F.R. § 255.0(b).

6. "Food," "drug," and "device" shall mean "food," "drug," and "device" as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

7. The term "including" in this Order shall mean "without limitation."

8. The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

**I.**

**FALSE WEIGHT-LOSS REPRESENTATIONS PROHIBITED**

IT IS ORDERED that defendant Stocknoff, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and his officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with him who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Slim Coffee, or any dietary supplement, food, drug, or device, in or affecting commerce, are hereby

permanently restrained and enjoined from making, or assisting others in making, directly or by implication, including through the use of a product name or endorsement, any representation that such product enables users to lose substantial weight without reducing caloric intake or increasing physical activity.

## II.

### PROHIBITED REPRESENTATIONS FOR COVERED PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that defendant Stocknoff, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and his officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with him who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product or service, in or affecting commerce, are hereby permanently restrained and enjoined from making, or assisting others in making, directly or by implication, including through the use of a product name or endorsement, any representation:

  A. That any such product, service, or program:

    1. causes weight loss;

    2. causes users to lose any specified amount of weight;

    3. reduces or eliminates fat;

    4. reduces or curbs appetite; or

    5. increases metabolism; or

  B. Regarding the health benefits, performance, efficacy, safety, or side effects of any such product, service, or program;

unless the representation is true, not misleading, and, at the time it is made, defendant Stocknoff

possesses and relies upon competent and reliable scientific evidence that substantiates the representation.

## III.

## MISREPRESENTATION OF TESTS OR STUDIES

IT IS FURTHER ORDERED that defendant Stocknoff, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and his officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with him who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product or service, in or affecting commerce, are hereby permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication, including through the use of any product name or endorsement, the existence, contents, validity, results, conclusions, or interpretations of any test or study.

## IV.

## FDA APPROVED CLAIMS

IT IS FURTHER ORDERED that:

A.  Nothing in this Order shall prohibit defendant Stocknoff from making any representation for any drug that is permitted in labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; and

B.  Nothing in this Order shall prohibit defendant Stocknoff from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

V.

Labeling and Education Act of 1990.

V.

**MONETARY JUDGMENT AND REDRESS TO CONSUMERS**

IT IS FURTHER ORDERED that judgment is hereby entered in favor of the Commission and against defendant Stocknoff in the amount of nine hundred twenty-three thousand nine hundred ten dollars ($923,910) for redress to consumers. Based on defendant Stocknoff's sworn financial statement dated July 30, 2007, payment of the foregoing judgment is suspended, contingent upon the accuracy and completeness of his financial disclosure statement.

VI.

**RIGHT TO REOPEN**

A.   By agreeing to this Order, defendant Stocknoff reaffirms and attests to the truthfulness, accuracy, and completeness of the financial information that defendant Stocknoff has previously submitted to the Commission. The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of defendant Stocknoff's financial statements and supporting documents submitted to the Commission, namely the Federal Trade Commission Financial Statement of Individual Defendant Stocknoff dated July 30, 2007.

B.   If, upon motion by the Commission, the Court finds that defendant Stocknoff failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the financial statement or supporting documents listed in this Part, the Court shall reinstate the judgment against defendant Stocknoff and for the Commission in the amount of nine hundred twenty-three thousand nine hundred ten dollars ($923,910), the total amount of gross sales, less any amount already paid by any

defendant or on behalf of any defendant to the Commission; *provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and *provided further*, that proceedings instituted under this Part would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the Commission may initiate to enforce this Order.  Solely for purposes of this Part, defendant Stocknoff waives any right to contest any of the allegations in the Complaint.

C.    In accordance with 31 U.S.C. § 7701, defendant Stocknoff is hereby required, unless he has done so already, to furnish to the Commission his social security number, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of defendant Stocknoff's relationship with the government.

D.    All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agents to be used for equitable relief, including but not limited to redress to consumers, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defendant Stocknoff shall have no right to challenge the Commission's choice of remedies under this Part. Defendant Stocknoff shall have no right to contest the manner of distribution chosen by the Commission.  No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

E.    Defendant Stocknoff relinquishes all dominion, control and title to the funds paid,

and all legal and equitable title to the funds vests in the Treasurer of the United States and in the designated consumers. Defendant Stocknoff shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of defendant Stocknoff, defendant Stocknoff acknowledges that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

## VII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that defendant Stocknoff, within five (5) business days after receipt of this Order as entered by the Court, shall submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## VIII.

## MONITORING OF RESELLERS AND DISTRIBUTORS

IT IS FURTHER ORDERED that:

A.  Defendant Stocknoff shall institute a reasonable program of surveillance adequate to reveal whether any of defendant Stocknoff's distributors or purchasers for resale are disseminating any advertisement or promotional material that contains any representations prohibited by this Order.

B.  In the event that defendant Stocknoff receives any information that any distributor or purchaser for resale is using or disseminating any advertisement or promotional material, or making any oral statement, that contains any representation prohibited by this Order, defendant Stocknoff shall promptly investigate such information and upon verification shall immediately terminate, and shall not resume, sales or shipments to such purchaser for resale.

C.  Within five (5) business days of termination of any sales or shipments to a

distributor or purchaser for resale of any covered product or service pursuant to Paragraph VIII (B) above, defendant Stocknoff shall notify the Commission, in writing, of such termination. Such notification shall include:

    1.    the name, address, telephone number, email address, and website of the purchaser;

    2.    the date of termination; and

    3.    the reason for the termination.

## IX.

### COMPLIANCE MONITORING BY DEFENDANT STOCKNOFF

IT IS FURTHER ORDERED that defendant Stocknoff, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or distribution of any covered product or service, in or affecting commerce, shall:

A.    Take reasonable steps sufficient to monitor and ensure that all employees and agents engaged in sales, order verification, or other customer service functions comply with the provisions of this Order. Such steps shall include adequate monitoring of all advertisements, promotions, sales presentations, and other oral and written communications with customers regarding such products. Defendant Stocknoff, at a minimum, shall:

    1.    Conduct periodic monitoring of representations concerning any covered product or service made by persons engaged in sales or other customer service functions, including representations made orally or through electronic communications, on behalf of defendant Stocknoff; and

    2.    Conduct periodic monitoring of representations made about any covered product or service on all Internet websites operated or maintained by

defendant Stocknoff or his agents.

B. Dismiss any employee or agent who knowingly engages in any conduct prohibited by this Order once defendant Stocknoff knows or should know that such person is or has been engaging in such conduct.

## X.

## COMPLIANCE MONITORING BY THE COMMISSION

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, defendant Stocknoff shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in defendant Stocknoff's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

 1. Obtaining discovery from any person, without further leave of court, using the procedures described in Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

 2. Posing as customers and suppliers to defendant Stocknoff, his employees, or any other entity managed or controlled in whole or in part by defendant Stocknoff, without the necessity of identification or prior notice.

C. Defendant Stocknoff shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person

interviewed may have counsel present.

*Provided, however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XI.

## COMPLIANCE REPORTING BY DEFENDANT STOCKNOFF

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored,

    A.    For a period of five (5) years from the date of entry of this Order:

        1.    Defendant Stocknoff shall notify the Commission of the following:

            a.    Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

            b.    Any changes in his employment status (including self-employment), and any change in his ownership of any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each such business that defendant Stocknoff is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of his duties and responsibilities in connection with the business or employment; and

            c.    Any changes in defendant Stocknoff's name or use of any aliases

or fictitious names; and

2. Defendant Stocknoff shall notify the Commission of any changes in the corporate structure of any business entity that defendant Stocknoff directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change; *provided that*, with respect to any proposed change in the corporation about which defendant Stocknoff learns less than thirty (30) days prior to the date such action is to take place, defendant Stocknoff shall notify the Commission as soon as it is practicable after obtaining such knowledge.

B. Sixty (60) days after the date of entry of this Order, defendant Stocknoff shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order, including identification of all products that he advertises or sells, and copies of all his current advertising. This report shall include, but not be limited to:

1. Defendant Stocknoff's then-current residence address, mailing address(es) and telephone number(s);

2. Defendant Stocknoff's then-current employment and business address(es) and telephone number(s), a description of the business activities of each

such employer or business, and the title and responsibilities of defendant Stocknoff for each such employer or business;

3. A copy of each acknowledgment of receipt of this Order obtained pursuant to Part XIII; and

4. Any other changes required to be reported under Subsection A of this Part.

C. For the purposes of this Order, defendant Stocknoff shall, unless otherwise directed by the Commission's representatives, mail all written notifications to the Commission to:

>Associate Director for Enforcement
>Federal Trade Commission
>600 Pennsylvania Avenue, NW
>Washington, DC 20580
>Re: *FTC v. Diet Coffee, Inc.*, Matter No. 0723052

D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with defendant Stocknoff.

## XII.

## RECORD-KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of this Order, defendant Stocknoff, in connection with any business involved in the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product or service, or where defendant Stocknoff is a majority owner of such a business or directly or indirectly manages or controls such a business, defendant Stocknoff and his agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of covered products or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of covered products or services purchased, and description of covered products or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaint and refund requests (whether received directly, indirectly, or through any third party), including but not limited to reports of adverse incidents claimed to be associated with the use of a covered product or service, and any responses to those complaints or requests;

E. Copies of all advertisements, promotional materials, sales scripts, training materials, websites, or other marketing materials utilized in the advertising, marketing, promotion, offering for sale, sale, or distribution of any covered product or service;

F. All materials that were relied upon in making any representations contained in the materials identified in Subsection E of this Part, including all documents evidencing or referring to the accuracy of any claim therein or to the efficacy of any covered product or service, including, but not limited to, all tests, reports, studies, demonstrations, or other evidence that confirm, contradict, qualify, or call into question the accuracy of any claim or efficacy of each such product, including complaints and other communications with consumers or with governmental or consumer protection agencies;

G. Records accurately reflecting the name, address, and telephone number of each manufacturer or laboratory engaged in the development or creation of any testing obtained for the purpose of manufacturing, labeling, advertising, marketing, promoting, offering for sale, selling, or distributing any covered product or service;

H. Copies of all contracts concerning the manufacturing, labeling, advertising, marketing, promotion, offering for sale, sale, or distribution of any covered product or service; and

I. All records and documents necessary to demonstrate full compliance with each provision of the Order, including but not limited to, copies of acknowledgments of receipt of this Order and all reports submitted to the Commission pursuant to this Order.

## XIII.

### DISTRIBUTION OF ORDER BY DEFENDANT STOCKNOFF

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, defendant Stocknoff shall deliver copies of the Order as directed below:

A. For any business that defendant Stocknoff controls, directly or indirectly, or in which he has a majority ownership interest, defendant Stocknoff shall deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendant Stocknoff also shall deliver a copy of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon defendant Stocknoff. For new personnel, delivery shall occur prior to their assuming their responsibilities.

B. For any business where defendant Stocknoff is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, defendant

Stocknoff shall deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

    C.    Defendant Stocknoff shall secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the Order pursuant to this Part.

## XIV.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

_____
KAREN JAGIELSKI (KJ2103)
Federal Trade Commission
600 Pennsylvania Avenue, NW
NJ-3122
Washington, D.C. 20580
(202) 326-2509 (voice)
(202) 326-3259 (facsimile)

Attorney for Plaintiff

_____
DAVID STOCKNOFF, individually and as President, Chief Financial Officer, and a Director of Diet Coffee, Inc.

_____
PAUL GREENFIELD (PG) 6705
Law Offices of Paul Greenfield
260 Madison Avenue, 17th Floor
New York, NY 10116
(646) 456-3806 (voice)
(212) 679-1995 (facsimile)

**SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

1-10-08

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____